Wm.H.Byers and Al.

vs

No.8605

Mr and Mrs Cliff B.Farish,Appellants

Charles F.Claiborne,Judge.

January 2nd 1922

Charles F.Claiborne,Judge.

This is a suit for a balance due on a building contract.

The plaintiffs wrote to the defendants the following letter:

New Orleans,La.11-10-21

Mrs Farish

2323 Magazine Street,City

Dear Madam,

We hereby agree to furnish all the labor and material necessary to make the repairs in your residence for the sum of Five Hundred and Fourteen dollars $514.00 as follows ;

1st.　Remove the present floor on front gallery,replacing same with a concrete floor,three inches of concrete and one inch cement topping with heavy wire in between concrete for reinforcing.

2nd.　Build four 16 inch columns of pressed brick about three feet high cutting off present columns so same will rest on brick columns with base and mouldings.Present buttress to be rebuilt so same will show 12 inches at base and cap 14 inches;

3rd.　Front steps to be replaced witn concerete and cement topping,also two steel rods to each step for reinforcing;

4th　Where wood work for old screens on cornice same to be removed and put in good condition;

5th　On side porch and rear kitchen new steps to be made.

6th　Tear down old stairs in rear and build new flight as designated.

7th. Remove the present floor on upper rear gallery replacing same with 1 1/8 X 3 1/4 B.grade flooring,all pieces to be one length and grooves well painted with white lead and oil.same to be drove up tight.

8th Remove present two windows in dining room replacing same to place as designated.

Any minor details such as renailing weather boarding etc we will also do.

Renew the entire house with new gutters No.26 iron. O.G.gutters where shown and round gutters the same.We find two 3 inch down spouts that will also be made new. The railing on upper rear gallery to be made substantial.

The chain wall under front gallery to be recemented.

Signed: W.H. and H.S.Byers.

By. W.H.Byers.

Where windows are removed in B.Room same to be closed up.

W.H. and H.S.Byers

By. W.H.Byers.

To this letter the defendants answered :

New Orleans,La.10-10-21

W.H. and H.S.Byers,City

Gentlemen,

Your proposal of even date to furnish all material and labor according to specifications,to make the necessary repairs on residence 1323 Magazine Street for the sum of Five Hundred and Fourteen Dollars $514.00 has been accepted.

Accepted.

Signed Mrs C.B.Farish

C.B.Farish.

The plaintiff executed his contract,and also alleged that he made extras to the amount of $164.15 .On December 3rd 1921 the defendant paid him on account $500 .She failed to pay any more,and plaintiff filed suit on January 5th 1922,claiming a balance of $14 on the contract and $164.15 for extras .

■

The extras claimed by plaintiff consisted of :

1st. Putting on shed roof over kitchen and

weather boarding and ceiling inner walls
about three feet high and stripped ready for screen wire. $140.00

Repairing old roof. 24.15

$164.15

There was judgment against Mrs Farish and she has appealed.

Defendant filed a general denial,and further answering averred :" Defendant further alleges that after the payment of the $500.00 above set forth,she discovered for the first time that the work was improperly done,whereupon she called upon plaintiffs and entered her complaint and protest therefor, and that plaintiffs agreed to correct and rectify any work improperly done,which they attempted to do and are now seeking to charge defendant the sum of $164.15, therefor,that defendant is now compelled to pay the sum of $165.00 to have same corrected and done properly,which defendant is now entitled to recover from plaintiffs ."

It is evident that those allegations were not facts but matters of opinion which did not inform the plaintiff of the particular defects and imperfections of which the defendants complained and which the plaintiffs had a right to know in order to refute them.As allegations in a petition they would have been vague and indefinite,and would have justified an exception of no cause of action or of vagueness. 124 La 865 133 La 137-145 La 349- As an answer,plaintiffs would have had a right to call on defendants to specify in what particulars the contract had been badly executed 139 La 18.But plaintiffs did not do so.

Defendants have expatiated upon their defense by their testimony.In as much as it has not influenced our judgment in their favor,we prefer to consider the several objections raised

by them in their order.We shall first treat of their work covered by their original bid:

1st The first objection is that the wooden c: _ n: on the front porch are out of plumb visible to the nav. .re.There is no charge that the columns are in that condition by reason of any action of the plaintiff.They were so prior to the contract. It seems that inside of the wooden columns there were iron columns invisible to the eye,about which the plaintiff knew nothing and of which they had not been informed.These columns had settled slightly with time.They were imbedded in the chain wall of the gallery and could not have been straightened without breaking up the chain wall,taking them out and resetting them.The contract did not contemplate that plaintiffs should do this work which would have entailed an expense not anticipated.The defendants,husband and wife lived upon the place and no doubt saw the work as it progressed.They found no fault with it until after this suit was filed.

2nd The windows which served as doors between the bed room and the dining room were removed to the side wall so as to serve as windows there and not as doors.They were slip head windows,ascending in a pocket over the window,if pocket there was.To have made them ascend in that manner it would have been necessary to tear out and rebuild the wall from the top of the ~~wall~~ window to the ceiling,the more so as the original wall was thinner then the jams of the windows.If the lower sash cannot go higher then three feet the upper sash can come down and thus serve the purposes of light and ventilation both for which alone those windows were.

3rd The "floor"existing at the time of the contract on the rear gallery was removed according to contract.It seems that under that floor,there was another floor,and a tin covering not known to the plaintiffs.Plaintiffs contract was to remove the "floor".the floor is that part of an apartment on which one walks,and not a double floor or another sub terraneous that may be found upon the floor proper. *which* But there is no evidence

to show that the existence of the second floor and of the tin
roof is harmful.

We therefore see no defense to the claim for work
done under the contract.

Second. Coming to the demand for extra work,we fail to perceive
that any part of that work was included in the original contract.
The extra work is for putting on a new roof over kitchen and
for weather boarding and ceiling inner walls $140 so as to make
a sleeping porch,and for repairing old roof $24.15 .None of
that work was included ih the plaintiff's bid notwithstanding
the defendant testifies that it was.It is admitted that the
work was done,but it is alleged that it was badly done and that
the new roof leaks for want of pitch and that the old roof
leaks.The new roof was of tar paper.

There is no satisfactory evidence that it leaked or that
the leak could not have been stopped.The same may be said of the
leaks over the old kitchen roof.When the plaintiffs,accompanied
by an expert,sought admission into the defendants' house to
examine the complaints about the work,they were denied permis-
sion.Work was begun in October 1921 and this case was tried
in February 1922.Up to that time defendants had not made any
changes to any of the work claimed by plaintiffs.

The trial judge heard and saw the witnesses and rendered
judgment in favor of plaintiffs.We cannot say he erred.

Judgment Affirmed.

January 2nd 1923.